IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Alan L. Burns, ) | C/A No. 4:07-3736-JFA-TER |
| ) | |
| Plaintiff, ) | |
| vs. ) | O R D E R |
| ) | |
| Wanda Hagler Haile; and South Carolina ) | |
| Office of Appellate Defense, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The *pro se* plaintiff, Alan L. Burns, is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. He was convicted in 2003 in Charleston County for a lewd act on a child under the age of sixteen. He initiated this action pursuant to 42 U.S.C. § 1983 contending that his former appellate defender filed an *Anders*[1] brief without his consent in his direct appeal of his state conviction. The plaintiff also claims legal malpractice and other constitutional violations.

The Magistrate Judge assigned to this action[2] has prepared a Report and

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation wherein he suggests that the defendants are entitled to summary dismissal because they have not acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40-50-52 (1999). As the Magistrate notes, an attorney whether retained, court-appointed, or a public defender, does not act under color of state law which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 (1981).

The Magistrate Judge further suggests that because the plaintiff seeks damages and is challenging the *Anders* brief filed in his state criminal appeal, this action is subject to summary dismissal because a right of action has not yet accrued as is necessary under *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Finally, the Magistrate Judge notes that without complete diversity of the parties, the plaintiff's negligence and legal malpractice claims cannot be pursued in the federal forum, but must resort to relief under South Carolina law.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 29, 2007. He did not filed timely objections[3] to the Report.

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such

2

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process. Plaintiff's state law claims are dismissed as well.

Finally, the plaintiff filed a motion on December 7, 2007 to withdraw his complaint and set aside the cost of the filing fees incurred with the filing of this complaint. This case has been adjudicated by the court, therefore a withdrawal of the complaint is not appropriate. In addition, plaintiff's request of a refund of the filing fee is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

December 20, 2007
Columbia, South Carolina

---

Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).